```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

New Hampshire Hospital
Association et al.

    v.                                  Civil No. 17-cv-349-LM
                                                  Opinion No. 2018 DNH 195

Alex M. Azar,[1] Secretary,
U.S. Department of Health
and Human Services et al.


**O R D E R**

In November 2015, several New Hampshire hospitals[2] and the New Hampshire Hospital Association ("NHHA"), a non-profit trade association, brought suit in this court against the Secretary of Health and Human Services, the Centers for Medicare and Medicaid Services ("CMS"), and the Administrator of CMS. See New Hampshire Hosp. Ass'n v. Burwell, No. 15-cv-460-LM (D.N.H. 2015). Plaintiffs alleged in that suit that defendants set forth certain "policy clarifications" regarding the method of calculating supplemental payments to certain hospitals. They alleged these policy clarifications were issued in responses to

---

[1] Alex M. Azar became Secretary of the U.S. Department of Health and Human Services on January 29, 2018, replacing Thomas Price. See Fed. R. Civ. P. 25(d).

[2] Plaintiff hospitals are Mary Hitchcock Memorial Hospital, LRGHealthcare, Speare Memorial Hospital, and Valley Regional Hospital, Inc.

frequently asked questions posted on medicaid.gov, and that both the policies themselves and the manner in which they were promulgated contradict the plain language of the Medicaid Act and violate the Administrative Procedure Act ("APA"). This court granted plaintiffs' motion for summary judgment, holding that defendants' enforcement of the policy clarifications set forth in the responses to frequently asked questions violated the APA. New Hampshire Hosp. Ass'n v. Burwell, No. 15-cv-460-LM, 2017 WL 822094, at *8-14 (D.N.H. Mar. 2, 2017), aff'd sub nom. New Hampshire Hosp. Ass'n v. Azar, 887 F.3d 62 (1st Cir. 2018). The court permanently enjoined defendants from enforcing the policies in the responses to the frequently asked questions, but took no position as to whether those policies could be enforceable if set forth in a validly promulgated rule or regulation. Id. at *12 n.16.

After the court issued its order, defendants published a final rule regarding the calculation of the supplemental payments. See Medicaid Program: Disproportionate Share Hospital Payments—Treatment of Third Party Payers in Calculating Uncompensated Care Costs, 82 Fed. Reg. 16114-02, 16117 (Apr. 3, 2017) ("Final Rule"). The Final Rule expressly included within its text the policies that had been set forth in the responses to the frequently asked questions.

2

Plaintiffs brought this suit, seeking declaratory and injunctive relief to prevent defendants from enforcing the Final Rule. Plaintiffs represented that they would suffer irreparable harm once the Rule became effective, and the court set an expedited briefing schedule for the parties' cross-motions for summary judgment so that it could rule on the motions prior to the date the Final Rule went into effect.

On March 5, 2018, after the parties filed their briefing in support of their cross-motions for summary judgment but before oral argument, plaintiffs submitted a "Notice of Supplemental Authority Invalidating the Final Rule." Doc. no. 38. In that notice, plaintiffs stated: "On March 2, 2018, the Court in Children's Hosp. Assoc. of Texas v. Price, No. 17-844 (D.C. Cir.), which also has been considering the validity of the Final Rule based on cross motions for summary judgment, issued an order invalidating and vacating that rule." Id. at 1. Plaintiffs included with their notice a copy of the order in Children's Hospital Ass'n of Texas and noted that a memorandum opinion explaining the order's reasoning had not yet been issued. Plaintiffs also stated: "By vacating the Final Rule, the Order is dispositive of the issues pending before this Court." Id. at 2.

On March 7, 2018, plaintiffs submitted a "Notice of Supplemental Authority Vacating the Final Rule," doc. no. 39, to

3

which they attached a copy of the March 6, 2018 memorandum opinion in Children's Hospital Ass'n of Texas. That opinion described the basis for the court's March 2, 2018 order. See Children's Hosp. Ass'n of Texas v. Azar, No. CV 17-844 (EGS), 2018 WL 1178024 (D.D.C. Mar. 6, 2018) (Sullivan, J.). In this notice, plaintiffs stated that they "believe that the vacatur of the Final Rule is dispositive of the issues pending before this Court." Id. at 2.

On March 19, 2018, the parties submitted a status report concerning the impact of the Children's Hospital decision. See doc. no. 40. In the status report, the parties stated that they

> agree that the Children's Hospital Ass'n of Texas ruling has the effect of vacating the [Final Rule] in a way that prevents its application anywhere, including with respect to the plaintiffs in this case. The defendants have indicated that they intend to act accordingly and will not enforce the rule as long as the Children's Hospital Ass'n of Texas decision remains operative in its current form.

Id. at ¶ 2. The parties also stated:

> Nevertheless, the parties agree that the Children's Hospital Ass'n of Texas ruling does not affect this Court's jurisdiction to independently rule on the validity of the [Final Rule] in this case. The plaintiffs in this case are not parties to the judgment in Children's Hospital Ass'n of Texas, and the Government is considering whether to appeal the Children's Hospital Ass'n of Texas ruling. Given the possibility of an appeal in Children's Hospital Ass'n of Texas, the plaintiffs also do not wish to voluntarily dismiss this case.

Id. at ¶ 3.

4

On March 28, 2018, in response to the parties' status report, the court issued a procedural order. See doc. no. 42. In that order, the court stated:

> Judge Sullivan's ruling in Children's Hospital Ass'n of Texas vacating the Rule at issue in this case appears to render the parties' dispute moot. See, e.g., D.H.L. Assocs., Inc. v. O'Gorman, 199 F.3d 50, 54 (1st Cir. 1999) (holding that the court lacked jurisdiction to enjoin the enforcement of ordinances that were no longer in effect). That is particularly true in light of defendants' statement in the parties' joint status report that the ruling prevents application of the Rule and they will not enforce it so long as the Children's Hospital Ass'n of Texas decision remains operative in its current form. Therefore, it does not appear that a favorable ruling from this court would redress any actual injury suffered by plaintiffs.

Id. at 3-4. The court also stated: "any party asserting that this court continues to have jurisdiction over this case shall file a brief showing cause why this case should not be dismissed in light of the Children's Hospital Ass'n of Texas decision." Id. at 4.

On April 2, 2018, defendants filed a response to the court's procedural order, asserting that that the Children's Hospital "order does not make this case moot because the Government is considering whether to appeal [that] ruling, and the vacated rule could be reinstated on appeal." Doc. no. 43 at 1. The government has since appealed the Children's Hospital ruling, and the appeal remains pending.

On April 6, 2018, plaintiffs filed a response to the court's order, in which they state that they "agree that Judge Sullivan's ruling in Children's Hospital renders the parties' dispute moot because the Final Rule has been vacated." Doc. no. 44 at 2 (citing cases). Plaintiffs noted that circumstances could change if defendants successfully appealed the Children's Hospital ruling, and requested that the court administratively stay the matter.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) (internal citations omitted). "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983). "If events have transpired to render a court opinion merely advisory, Article III considerations require dismissal of the case." Mangual v. Rotger-Sabat, 317 F.3d 45, 60 (1st Cir. 2003).

As the court stated in its procedural order, the ruling in Children's Hospital vacating the Final Rule renders the parties' dispute moot, particularly in light of defendants' statement that the ruling prevents application of the Final Rule and they will not enforce it so long as the ruling remains operative in

6

its current form. Although defendants have appealed that ruling, at this stage, and particularly in light of defendants' representations, any decision by this court would be merely advisory.

For that reason, the court denies without prejudice the parties' cross-motions for summary judgment. To the extent the Children's Hospital ruling is reversed on appeal, plaintiffs may file a new action seeking expedited relief. See 13C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3553.2.1 (3d ed. 2008) ("Mootness may be denied because the decision is subject to reopening or appeal, at least if there is a realistic prospect of reopening, although the prospect may instead be met by finding mootness, perhaps on terms that contemplate revival if the decision is in fact reopened."); see also Nationwide Mut. Ins. Co. v. Burke, 897 F.2d 734, 739-40 (4th Cir. 1990) (ordering dismissal of district court action on mootness grounds without prejudice to plaintiffs filing a new action if the relevant judgment were reversed on appeal).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for summary judgment (doc. no. 31) and defendants' cross-motion for summary judgment (doc. no. 33) are denied without prejudice and the case

7

is dismissed. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

September 25, 2018

cc: Counsel of Record.